BARNARD TEGELER, Plaintiff in Error, v. J.A. MITCHELL, Defendant in Error.

#### Kansas City Court of Appeals, January 14, 1895.

Action: RECOVERY: PLEADINGS. Under section 2216, Revised Statutes, 1889, the relief granted must be consistent with the case made by the plaintiff; and where plaintiff sues for double rent for unlawful detention of the leased premises, he can not recover monthly rent for an extention of the lease shown by the answer by way of defense and which plaintiff denied in his replication.

*Error to the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Elliott & Burnham* for plaintiff in error.

The petition states the cause of action by landlord against tenant for holding over of premises after expiration of the term of lease. The relief prayed is the double rental value of the premises for the time of the alleged holding over. Had there been no answer filed to this petition, the relief within the power of the court to grant would have been restricted to the prayer of the petition. But in this case, the answer admits the liability of the tenant to the landlord for an alleged agreed re-rental of the premises from September 1, 1889, to January 16, 1890, at the rate of $17 per month. This answer and the reply thereto filed brings this issue within the power of the court to grant relief upon, as provided by the Missouri code and upheld in numerous decisions. Consequently the trial court erred in striking

out that clause of the instruction to the jury as asked on behalf of plaintiff, and in giving to the jury instruction number 2 asked on behalf of defendant. R. S. 1889, sec. 2216; Bliss on Code Pleading, secs. 160, 161; Green's Mo. Practice, secs. 975, 976, 977, 978; 1 McQuillin's P. & P., sec. 323; 1 Estee's Pleadings, secs. 146, 147; Boone on Code Pleading, sec. 33, note 4; 1 Black on Judgments, sec. 141; *Easley v. Prewitt*, 37 Mo. 361; *Jauney v. Speddin*, 38 Mo. 395; *Comings v. Railroad*, 48 Mo. 512; *Hicks v. Jackson*, 85 Mo. 294; *Levy v. Adler*, 97 Mo. 413; *Armstrong v. St. Louis*, 3 Mo. App. 105; *Baker v. Railroad*, 34 Mo. App. 98.

*J. B. Hamner* for defendant in error.

(1) The only issue was, whether or not the defendant had unlawfully detained these premises after the expiration of the lease. The authorities cited show no case where instructions were asked for a case not "made out by plaintiff," but they do show only cases where the facts warranted a finding different from the prayer in the petition, but facts corresponding to those alleged, and the court gave judgment accordingly.

ELLISON, J.—This action is for double rent for a willful holding over, and is founded on section 6367, Revised Statutes, 1889. The petition sets out a lease, which contains a covenant to surrender to the lessee the property rented. The answer to plaintiff's petition admitted the lease and set up by way of defense that, prior to the termination of the lease, plaintiff let the premises to him, from month to month, at $17 per month—the letting to begin at the expiration of the lease; by which agreement he continued to hold the property for the time stated by plaintiff. The reply was a general denial. There was judgment for defendant.

The complaint here is, that since defendant admitted by his answer that he owed plaintiff on a monthly letting; and since the evidence showed that this would amount, for the time shown, to $76.50, the court should have directed a verdict for plaintiff for that sum.

The statute section 2216, reads: "Whenever such interlocutory judgment shall be rendered for the plaintiff, the damages or other relief shall not be other or greater than that which he shall have demanded in the petition, as originally filed and served on defendant; but in any other case, the court may grant him any relief consistent with the case made by the plaintiff and embraced within the issues." Under this statute, when invoked by a plaintiff, the relief must be consistent with the case made by him. It was not intended thereby that plaintiff could declare on one cause of action and then recover on a matter of defense (denied by him in the reply) which the defendant may set up to defeat the action declared on, notwithstanding such matter of defense discloses some other and different cause of action in plaintiff's favor. Plaintiff's case, as made by his petition, and also by the evidence in his behalf, was under a statute allowing him double rent for the willful detention of his property. The case made for him by the answer, if we may so term it, is wholly inconsistent with the case he makes for himself. In such instances and under such circumstances, he is not entitled to a judgment. The trial court, in our opinion, took the correct view of the statute, and the judgment will therefore be affirmed. All concur.